UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STEVEN THOMAS CLARKE,

     Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. C16-898-RSM-JPD

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Steven Thomas Clarke proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1973.[1] He graduated from high school and has a year of

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

college education plus additional culinary and fishing training, and previously worked as a car sales associate, bartender, fishing vessel deckhand, landscaper, carpet cleaner, retail salesperson, and warehouse laborer. (AR 86-88, 103, 315, 329.)

Plaintiff applied for DIB and SSI in March 2013, alleging disability beginning April 5, 2008.[2] (AR 288-300.) His applications were denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 216-19, 222-37.)

On July 23, 2014, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff, Plaintiff's mother, and a vocational expert (VE). (AR 39-69.) On October 14, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-37.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 13, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked after the alleged onset date. (AR 21.) At step two, it must be determined whether

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.
    2 At the administrative hearing, Plaintiff amended his alleged onset date to July 1, 2013. (AR 85.)

01 a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative

02 disc disease of the lumbar spine (status/post spinal surgery), mood disorder not otherwise

03 specified (NOS), anxiety disorder NOS, and personality disorder NOS. (AR 21-22.) Step three

04 asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that

05 Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 22-25.)

06     If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

07 residual functional capacity (RFC) and determine at step four whether the claimant

08 demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to

09 perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he can

10 occasionally climb ladders, rope, or scaffolding, and can frequently stoop, crouch, and crawl.

11 He should avoid concentrated exposure to vibration or hazards. He can perform simple, routine

12 tasks and can follow short, simple instructions. He can perform work that needs little or no

13 judgment and can perform simple duties that can be learned on the job in a period of thirty days

14 or less. He can respond appropriately to co-workers and supervision. He can tolerate occasional

15 changes in his work setting, and occasional interaction with or exposure to the general public.

16 (AR 25.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant

17 work. (AR 36.)

18     The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to

19 the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment

20 to work that exists in significant levels in the national economy. With the assistance of a VE,

21 the ALJ found Plaintiff capable of performing other representative occupations, including

22 garment sorter, grain picker, and laundry worker. (AR 36-37.)

01    This Court's review of the ALJ's decision is limited to whether the decision is in

02 accordance with the law and the findings supported by substantial evidence in the record as a

03 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means

04 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

05 reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

06 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

07 supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

08 F.3d 947, 954 (9th Cir. 2002).

09    Plaintiff argues the ALJ erred in assessing two medical opinions and testimony provided

10 by two lay witnesses. He asks that the ALJ's decision be reversed and his claim remanded for

11 a finding of disability or, in the alternative, for further proceedings. The Commissioner argues

12 the ALJ's decision is supported by substantial evidence and should be affirmed.

13                              Medical opinion evidence

14    Plaintiff challenges the ALJ's assessment of opinions written by examining psychiatrist

15 James Hopfenbeck, M.D., and treating counselor Don Turner, LMHC. The Court will address

16 each disputed opinion in turn.

17 A.    Legal standards

18    In evaluating the weight to be given to the opinion of medical providers, Social Security

19 regulations distinguish between "acceptable medical sources" and "nonmedical sources."

20 Acceptable medical sources include, for example, licensed physicians and psychologists, while

21 other providers, including social workers, are considered "nonmedical sources." 20 C.F.R. §§

22 404.1502, 416.902.

01       In general, more weight should be given to the opinion of a treating physician than to a

02 non-treating physician, and more weight to the opinion of an examining physician than to a

03 non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not

04 contradicted by another physician, a treating or examining physician's opinion may be rejected

05 only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396

06 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be

07 rejected without "'specific and legitimate reasons' supported by substantial evidence in the

08 record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

09 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough

10 summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

11 making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*,

12 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her]

13 own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing

14 *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

15       Less weight may be assigned to the opinions of nonmedical sources. *Gomez v. Chater*,

16 74 F.3d 967, 970 (9th Cir. 1996). However, the ALJ's decision should reflect consideration of

17 such opinions, SSR 06-3p, and the ALJ may discount the evidence by providing reasons

18 germane to each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Turner*

19 *v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) and *Lewis v. Apfel*, 236 F.3d 503,

20 511 (9th Cir. 2001)). *See also* SSR 06-03p (ALJ should explain weight given to opinions from

21 sources other than acceptable medical sources, or otherwise ensure that discussion of the

22 evidence allows for following the ALJ's reasoning "when such opinions may have an effect on

01  the outcome of the case.")

02  A.   Dr. Hopfenbeck

03      Dr. Hopfenbeck examined Plaintiff in May 2013, and completed a DSHS form opinion

04  describing his symptoms and limitations.  (AR 505-08.)  Dr. Hopfenbeck opined that Plaintiff

05  had marked limitations in his ability to communicate and perform effectively in a work setting,

06  complete a normal workday and workweek without interruptions from symptoms, maintain

07  appropriate behavior in a work setting, and set realistic goals and plan independently.  (AR

08  507.)  He indicated that Plaintiff had mild or moderate limitations in other functional areas.

09  (*Id*.)

10      The ALJ summarized Dr. Hopfenbeck's findings and found that he had given "no

11  expressed basis for his multifaceted opinions of psychological disability."  (AR 33-34.)  The

12  ALJ rejected Dr. Hopfenbeck's opinion regarding moderate and marked limitations, finding

13  those limitations to be inconsistent with Plaintiff's longitudinal activities and psychological

14  findings, as well as the activities and findings documented by Dr. Hopfenbeck.  (AR 33-34.)

15  The ALJ also noted that Dr. Hopfenbeck's opinion that Plaintiff's limitations would persist

16  even with 60 days of sobriety was unsupported by an explanation.  (AR 34.)

17      The ALJ's first assertion — that Dr. Hopfenbeck had not provided a basis for his

18  opinion that Plaintiff could not work — is supported by the text of the opinion itself.  The form

19  Dr. Hopfenbeck completed did not request explanation, and many of the checkbox opinions are

20  not necessarily connected to other findings in the opinion.  (AR 507.)  The lack of explanation

21  is a specific, legitimate reason to discount Dr. Hopfenbeck's opinion.  *See Crane v. Shalala*, 76

22  F.3d 252, 253 (9th Cir. 1996) (ALJ permissibly rejected three psychological evaluations

01  "because they were check-off reports that did not contain any explanation of the bases of their

02  conclusions").

03       Although Plaintiff contends that the ALJ's reasoning lacks specificity, because the ALJ

04  did not explain "how Dr. Hopfenbeck's report fell short of his expectations" (Dkt. 13 at 4-6),

05  this contention is not persuasive. The ALJ indicated that Dr. Hopfenbeck failed to explain the

06  basis for his opinions regarding Plaintiff's disabling limitations, and this finding is consistent

07  with the opinion itself. That Dr. Hopfenbeck completed a form that did not request explanation

08  does not undermine the ALJ's finding that the opinion is indeed unexplained.

09       The ALJ also found Dr. Hopfenbeck's opinions to be inconsistent with Plaintiff's

10  activities and examination findings, and this is another specific, legitimate reason to discount

11  the opinion. The ALJ cited the normal findings documented during Dr. Hopfenbeck's

12  examination, and also noted that Plaintiff was able to attend a life skills class five days per week

13  and walked around downtown Seattle every day. (AR 34.) Those activities could be reasonably

14  construed as inconsistent with Dr. Hopfenbeck's opinions that Plaintiff had marked limitations

15  in his ability to maintain appropriate behavior in a work setting, or moderate limitations in his

16  ability to perform activities within a schedule, maintain regular attendance, or to be punctual

17  within customary tolerances. (AR 507.) Plaintiff suggests that he did not walk "as a means of

18  recreation or with purpose," and that the ALJ erred in insinuating that his life skills class took

19  place "in a competitive context." Dkt. 13 at 7. These suggestions are irrelevant, because the

20  ALJ did not suggest that Plaintiff walked for recreation or with a purpose, or that the life skills

21  class took place in a competitive context, and thus Plaintiff has failed to show error in the ALJ's

22  interpretation.

01    The ALJ also noted that Dr. Hopfenbeck found that Plaintiff's limitations would persist

02 even with 60 days of sobriety, without explaining the basis for that conclusion.  (AR 34.)

03 Because Dr. Hopfenbeck also indicated that "drug use does contribute to [Plaintiff's] problems"

04 (AR 507), it does not logically follow that sobriety would not impact Plaintiff's limitations.

05 This apparent inconsistency without explanation is another specific, legitimate reason to

06 discount Dr. Hopfenbeck's opinion. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595,

07 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between

08 physicians' reports).

09    The Court does agree with Plaintiff that the ALJ's reference to normal examination

10 findings does not establish an inconsistency with Dr. Hopfenbeck's opinion, because none of

11 the normal findings pertained to the areas in which Dr. Hopfenbeck opined that Plaintiff would

12 be limited.  (AR 507-08.)  This reasoning is harmless, however, in light of the other valid

13 reasons the ALJ provided to discount Dr. Hopfenbeck's opinion.

14    Because the ALJ provided several specific, legitimate reasons to discount the opinion

15 of Dr. Hopfenbeck, the ALJ's assessment should be affirmed.

16 B.    Mr. Turner

17    Mr. Turner began providing counseling to Plaintiff in April 2013, and wrote a letter in

18 July 2014 describing Plaintiff's treatment and functioning during that time.  (AR 745.)  Mr.

19 Turner diagnosed Plaintiff with bipolar disorder and rated his Global Assessment of

20 Functioning (GAF) score as 42.  (*Id.*)  Mr. Turner indicated that for the first year of treatment,

21 Plaintiff was unable to establish a consistent psychiatric medication regime, and "only now" it

22 seems that his symptoms are improving.  (*Id.*)  Mr. Turner opined that because Plaintiff "was

01 struggling with establishing basic functioning over the last year, he was unable to work. His

02 mood has been unstable, with some depression and agitation, high anxiety, poor concentration

03 and memory, sleep disturbance, occasional paranoia and irritability." (*Id*.)

04       The ALJ found Mr. Turner's opinion to be vague and conclusory. (AR 34.) Specifically,

05 the ALJ found that the GAF score was unexplained. The ALJ also noted that Mr. Turner's

06 letter does not refer to any clinical findings, but instead repeats Plaintiff's self-report. (AR 34.)

07 The ALJ explained that the self-report was inconsistent with Plaintiff's examination findings

08 and treatment records, which "indicate improvement and stability with psychiatric medication

09 which the claimant has not persisted with." (*Id*.) Lastly, the ALJ noted that Plaintiff has been

10 able to maintain gainful employment in the past, "despite his longstanding psychological issues,

11 even without the benefit of mental health treatment." (*Id*.)

12       Plaintiff does not apparently challenge the ALJ's rejection of Mr. Turner's GAF score.

13 Dkt. 13 at 10 ("The Plaintiff does not rely upon the GAF score as a means of establishing his

14 disability."). Plaintiff does dispute whether Mr. Turner relied on his self-report; Plaintiff notes

15 that Mr. Turner did not indicate that he relied on Plaintiff's self-report. Dkt. 13 at 10. Indeed,

16 Mr. Turner did not state any particular basis for his description of Plaintiff's symptoms, whether

17 he relied on his own observations or Plaintiff's self-report. (AR 745.) Accordingly, Plaintiff

18 has not shown error in the ALJ's interpretation of Mr. Turner's opinion. *See Sample v.*

19 *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one

20 rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his

21 findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

22       Plaintiff also challenges the ALJ's reliance on evidence that he did not comply with

01 treatment recommendations, contending that an ALJ must show that medication would have

02 improved his limitations to the point that he could work, and that he did not have a good reason

03 for not complying with recommendations. Dkt. 13 at 11 (citing 20 C.F.R. § 1530). But Mr.

04 Turner's opinion itself suggests that medication improved Plaintiff's ability to work, and

05 Plaintiff has offered no explanation for his failure to comply with treatment recommendations.

06 As noted by the ALJ, Mr. Turner reported in March 2014 that Plaintiff "'does not show up for

07 appointments or engage in treatment services. [His] medication management services are

08 difficult due to noncompliance of medication and unwillingness to problem solve side effects

09 with [his] provider.'" (AR 34 (quoting AR 722).) Plaintiff has not shown that any of the

10 reasons enumerated in 20 C.F.R. § 1530 apply, or that he has any other good reason for failing

11 to comply with his treatment. Accordingly, Plaintiff has not shown error in the ALJ's

12 reasoning.

13      Plaintiff notes that the ALJ found his ability to "maintain gainful employment despite

14 his longstanding psychological issues" (AR 34) to be inconsistent with Mr. Turner's opinion,

15 but does not identify an error in this reasoning. Dkt. 13 at 10 ("[T]he ALJ echoed his claim

16 that the Plaintiff's past employment was inconsistent with Mr. Turner's report."). On reply,

17 Plaintiff argues without citation to the record that his condition declined since the time he last

18 worked (Dkt. 15 at 6), but this bare assertion is insufficient to establish error.

19      The ALJ also found that Mr. Turner's opinion was inconsistent with the evidence

20 summarized in the discussion of the "paragraph B criteria" (AR 23-24), but it is not clear how

21 that specific evidence pertains to Mr. Turner's opinion, which generally describes problems

22 with "basic functioning." (AR 745.) This erroneous reasoning is harmless in light of the other

01  valid reasons provided by the ALJ to discount Mr. Turner's opinion.

02  Because the ALJ provided several germane reasons to discount Mr. Turner's opinion,

03  the ALJ's assessment should be affirmed.

04  <u>Lay statements</u>

05  Plaintiff challenges the ALJ's assessment of a written statement provided by his housing

06  services manager, Malory Gustave, and oral and written testimony provided by Plaintiff's

07  mother, Dorothy Clarke. Each lay witness's evidence will be addressed in turn.

08  A.    <u>Legal standards</u>

09  Lay witness testimony as to a claimant's symptoms or how an impairment affects ability

10  to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v.*

11  *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina v. Astrue*, 674 F.3d 1104, 1115-

12  22 (9th Cir. 2012) (describing how the failure to address lay testimony may be harmless). The

13  ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v.*

14  *Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of family

15  members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to

16  "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not

17  qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12

18  F.3d 915, 918 (9th Cir. 1993)).

19  B.    <u>Ms. Gustave</u>

20  Ms. Gustave was the services manager for the transitional housing program where

21  Plaintiff resided in August 2014, when Ms. Gustave wrote a letter describing her observations

22  of his behavior and how his symptoms have interfered with his functioning. (AR 369.) Ms.

01 Gustave opined that she could not "see [Plaintiff] succeeding at performing gainful employment

02 in a consistent manner both because of his difficulty consistently interacting appropriately with

03 others, and focusing on and completing tasks without becoming overwhelmed." (*Id.*)

04      The ALJ gave little weight to Ms. Gustave's statement, finding it inconsistent with (1)

05 Plaintiff's ability to work in the past despite longstanding psychological impairments; (2)

06 Plaintiff's ability to attend a class five days per week without reported difficulties; and (3)

07 examination findings that have "routinely noted cooperative behavior, normal psychomotor

08 activity, normal speech, organized thought process, fair to good judgment, good memory, and

09 good attention and concentration[,]" even "despite his general lack of compliance with mental

10 health treatment in early 2014." (AR 31-32.)

11      These are germane reasons to discount Ms. Gustave's statement. Plaintiff's ability to

12 work in the past with the same impairments that Ms. Gustave describes as disabling is germane

13 to her opinion. *See Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) ("Furthermore,

14 substantial evidence indicated that the condition of Gregory's back had remained constant for

15 a number of years and that her back problems had not prevented her from working over that

16 time."). Plaintiff's ability to comply with a class schedule is also inconsistent with Ms.

17 Gustave's opinion, because he demonstrated an ability to focus and complete the class in order

18 to satisfy his court-ordered obligations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 588

19 F.3d 1155, 1164 (9th Cir. 2008) (finding Plaintiff's inconsistent activities to be a germane

20 reason to discount a lay statement).

21      Although some of the examination findings cited by the ALJ do not pertain to Ms.

22 Gustave's statement, some of them do. (AR 32-33.) For example, the ALJ noted that providers

01 routinely described Plaintiff's cooperative behavior and good attention and concentration, and

02 these findings are inconsistent with Ms. Gustave's opinion that Plaintiff could not work due to

03 an inability to interact appropriately with others or focus on tasks. These inconsistencies are a

04 germane reason to discount Ms. Gustave's statement.

05 Because the ALJ provided germane reasons to discount Ms. Gustave's statement, the

06 ALJ's assessment should be affirmed.

07 C.   Ms. Clarke

08 Plaintiff's mother, Ms. Clarke, testified at the administrative hearing and completed a

09 third-party function report. (AR 98-103, 337-44.) The ALJ found that Ms. Clarke's description

10 of Plaintiff's disabling limitations was inconsistent with Plaintiff's ability to work in the past

11 despite his longstanding impairments, even when he was abusing substances and not receiving

12 mental health care. (AR 31.) The ALJ found some of Plaintiff's activities described by Ms.

13 Clarke — such as attending class and/or walking outside on a daily basis and using

14 transportation, while not taking any medication — to be inconsistent with the concentration,

15 persistence, and social limitations she described. (*Id.*) Finally, the ALJ found Ms. Clarke's

16 testimony to be inconsistent with Plaintiff's minimal treatment for physical issues and many

17 normal findings upon mental examination. (*Id.*)

18 These reasons are germane. As explained above, Plaintiff's ability to work with the

19 same impairments described as disabling is inconsistent with an opinion that he is disabled.

20 Likewise, Plaintiff's lack of medication reasonably suggests that his symptoms were not as

21 severe as described, and Plaintiff's ability to attend classes regularly and use public

22 transportation undermines Ms. Clarke's testimony that Plaintiff had significant persistence and

01 social limitations. (*See* AR 341-42.)

02     Plaintiff does not challenge the ALJ's reliance on inconsistent evidence related to

03 physical limitations, but does contend that the ALJ erred in focusing on certain normal mental

04 findings and emphasizing that Plaintiff had never been psychiatrically hospitalized. Dkt. 13 at

05 15. Plaintiff notes that psychiatric hospitalization is not a prerequisite for a finding of disability,

06 but the ALJ did not suggest that it was. Instead, the ALJ found that because the record contained

07 so many normal findings, and the treatment was relatively conservative, the longitudinal record

08 was inconsistent with Ms. Clarke's description of severe symptoms. (AR 31.) As described

09 above in the context of Ms. Gustave's statement, some of the findings cited by the ALJ are

10 irrelevant, but some do pertain to and contradict Ms. Clarke's statement, namely the findings

11 related to cooperative behavior, fair to good judgment, and good attention and concentration.

12 (AR 31.)

13     Because the ALJ provided several germane reasons to discount Ms. Clarke's testimony,

14 the ALJ's assessment of her testimony should be affirmed.

15 RFC

16     Plaintiff argues that the ALJ's RFC assessment was erroneous because it failed to

17 account for limitations addressed in the medical opinions and lay statements discussed above.

18 Because, as explained above, the ALJ did not err in discounting that evidence, the ALJ did not

19 err in failing to account for the limitations specified therein. *See Bayliss v. Barnhart*, 427 F.3d

20 1211, 1217-18 (9th Cir. 2005).

21     Plaintiff also argues that other evidence in the record would establish more restrictive

22 limitations (Dkt. 13 at 16-17), but Plaintiff does not address the reasons that the ALJ provided

01 for discounting that evidence. Because Plaintiff has not shown that the ALJ omitted any

02 credible limitations from the RFC assessment, he has not shown error in the RFC assessment.

03 CONCLUSION

04     The role of this Court is limited. The ALJ is responsible for determining credibility,

05 resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.

06 *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational

07 interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas,* 278 F.3d at

08 954. While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible

09 to conclude that Plaintiff's interpretation is the only rational interpretation. For the reasons set

10 forth above, the Court recommends this matter be AFFIRMED.

11     Objections to this Report and Recommendation, if any, should be filed with the Clerk

12 and served upon all parties to this suit by no later than **May 15, 2017**. Failure to file objections

13 within the specified time may affect your right to appeal. Objections should be noted for

14 consideration on the District Judge's motion calendar for the third Friday after they are filed.

15 Responses to objections may be filed within **fourteen (14)** days after service of objections. If

16 no timely objections are filed, the matter will be ready for consideration by the District Judge

17 on **May 19, 2017**.

18 //

19 //

20 //

21 //

22 //

01      This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

02   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

03   assigned District Judge acts on this Report and Recommendation.

04      DATED this <u>1st</u> day of May, 2017.

05                                          _James P. Donohue_____

06                                          JAMES P. DONOHUE
                                            Chief United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22